CITY OF MONTPELIER *v.* BARRE & MONTPELIER TRACTION & POWER COMPANY.

October Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed November 14, 1914.

*Municipal Corporation and Street Railways — Franchises — Amendments—Pleading—Demurrer.*

Where a city granted a street railway company a franchise to use its streets upon designated terms and conditions, and, after the franchise was assigned to defendant, amended it by a relocation of a part of the line, and that relocation was accepted by defendant as an amendment of the assigned franchise, all the other provisions of the original franchise remain in force.

Under a plea and a demurrer to a bill in equity that averred that defendant street railway company, by its franchise, granted by orator and accepted by defendant, was prohibited from charging a greater fare than five cents for each ride within the limits of the city, and that the proposed increase of fares sought to be restrained is for any trip on the railway from one point to another in the city, and the plea avers nothing to the contrary, defendant is precluded from raising the question whether the franchise applied only to the limits of the city at the time of acceptance, and not to extensions of those limits made thereafter.

APPEAL IN CHANCERY. Washington County. Heard at Chambers on August 31, 1914, upon defendant's demurrer to the bill and its plea thereto, *Slack,* Chancellor. Decree, *pro forma,* dismissing the bill with costs to the defendant. The orator appealed. The opinion states the case.

*George L. Hunt* and *Alexander Dunnett* for the orator.

Defendant's grantor entered into the agreement for this five-cent fare, and defendant is bound thereby. Much less than this would have made a valid contract between the city and the railway. *People* v. *Detroit United Railway,* 104 Am. St. Rep. 626; *Baumgartner* v. *Mankato,* 60 Minn. 244, 62 N. W. 127; *Chouquette* v. *Southern Electric R. R. Co.,* 152 Mo. 257, 53 S. W. 897; *City Ry. Co.* v. *Citizens' R. R. Co.,* 166 U. S. 568, 17 Sup. Ct. Rep. 653, 41 L. ed. 1114; *Detroit* v. *Fort Wayne, etc. Ry. Co.,* 95 Mich. 456, 35 Am. St. Rep. 580, 54 N. W. 958, 20 L. R. A. 79; *Vining* v. *Detroit,* 95 N. W. 542; *Virginia P. & P. Co.* v. *Commonwealth,* 49 S. E. 995; *Mayor, etc., of N. Y.* v. *Eighth Ave. R. R. Co.,* 43 Hun. 614; *Public Service Com.* v. *Westchester St. R. R. Co.,* 206 N. Y. 209; *Selectmen of Westwood* v. *Dedham & Franklin St. Ry. Co.,* 209 Mass. 213; *Detroit* v. *Detroit Citizens' St. Ry. Co.,* 184 U. S. 368; *Louisville* v. *Cumberland T. & T. Co.,* 224 U. S. 649, 56 L. ed. 934; *Rutland Electric Light Co.* v. *Marble City Electric Light Co.,* 65 Vt. 377; *Caverly-Gould Co.* v. *Springfield,* 83 Vt. 396; *Minneapolis* v. *M. S. R. Co.,* 215 U. S. 417, 54 L. ed. 259.

Contracts of this nature are liberally construed in favor of the public and strictly against the corporation. *Detroit* v. *Detroit United Ry.,* 137 N. W. 645; *Township. of West Bloomfield* v. *Detroit United Ry.,* 117 Am. St. Rep. 623; *Indiana Railway Co.* v. *Hoffman,* 69 N. E. 399; *Peterson* v. *Tacoma Ry. & Pr. Co.,* 111 Pac. 338.

Defendant cannot attack the contract while continuing to enjoy its benefits. *People, ex rel. Jackson* v. *Suburban Railway Co.,* 178 Ill. 594, 49 L. R. A. 650; *Moore* v. *Swanton Tanning Co.,* 60 Vt. 459; *Roberts* v. *Hughes Co.,* 86 Vt. 76, 100; *Howard National Bank* v. *Loomis,* 51 Vt. 349; *Rutland & Burlington R. R. Co.* v. *Proctor,* 29 Vt. 93; *M. Noyes & Co.* v. *Rutland & Burlington R. R. Co.,* 27 Vt. 110; *Mayor, etc. of Jersey City* v. *North Jersey St. Ry. Co.,* 72 N. J. L. 383.

*Benj. N. Johnson, F. E. Gleason,* and *W. B. C. Stickney* for the defendant.

HASELTON, J. This is a bill in chancery by which the city of Montpelier seeks to have the defendant enjoined from raising

the fare on its lines above five cents for each ride within the limits of the city of Montpelier. The bill alleges that the defendant, by virtue of a franchise which it accepted, is restricted to the charge of a maximum fare of five cents for a ride on its lines within the limits of the city of Montpelier, and that the defendant has posted notices that it will charge six cents for each such ride.

The defendant filed a demurrer and pleas. The main questions raised are the same, and are agreed to be the same, as those which have been considered and decided in the case of *City of Barre* v. *Barre & Montpelier Traction & Power Company,* 92 Atl. 237, which by consent of counsel for all parties, was heard together with this case. Those questions are decided here as they were there. In this case, however, a plea sets out that in 1898, since the grant and acceptance of the franchise here in question, the limits of the city of Montpelier were extended and that some portion of the defendant's railway is in streets that are now within the city of Montpelier but were without the limits of the city at the time of the grant of the franchise.

A temporary injunction prayed for was granted on consideration of the facts set forth in the bill; and thereafter upon the same day the bill was dismissed *pro forma* and without prejudice for the purpose of expediting the cause; and upon the taking of an appeal to this Court the temporary injunction was renewed.

The franchise here in question, containing among other provisions, the restriction as to fares, was granted by the city council of Montpelier to the Consolidated Lighting Company in 1896, and was not to take effect until accepted by that company. That company, one of whose corporate purposes was to construct and operate street railways, accepted the franchise accordings to its terms.

January 18, 1897, the defendant company took an assignment from the Consolidated Company of its rights, privileges and franchises as above related and assumed all the duties, liabilities, and obligations of the Consolidated Company under the franchise in question. By the terms of the franchise which is referred to and brought into Court the defendant could get no valid assignment without assuming all the rights, duties and obligations which it undertook to assume. The assignment was expressly authorized by No. 227 of the Acts of 1896, a law which

took effect November 18, 1896. Afterwards, that is in June, 1897, the franchise was amended by a relocation in part of the street railway and in no other respect. The relocation was made by the city council and accepted by the defendant company solely as an amendment to the franchise which the defendant had obtained by assignment, and the franchise remained unchanged in other respects.

In its brief the defendant says that there are many reasons for treating the amendment as a new and unconditional franchise and makes the claim that it should be so treated. But we hold otherwise. The amendment was made and accepted as such, and is in such terms that it has by itself no force as a franchise to use the streets. All that was done amounted in effect to a grant to and an acceptance by the defendant of a franchise containing all the terms and conditions of the assigned franchise modified by the amendment.

The defendant advances the subordinate proposition that if the terms of the franchise as granted and accepted constituted a valid requirement that the fare should not exceed five cents "within the city limits," the limits intended must be held to be those existing at the time the franchise was granted and cannot fairly be treated as applicable to the territory annexed in 1898. But this question is not in the case as made up, for the bill alleges in substance that the projected increase in fares is for any trip on the road from any one point in Montpelier to another, the demurrer so admits, and the pleas set up nothing to the contrary; so in any view of this special feature of this case, the pleadings, under the authority of the city of Barre against this same defendant, show a cause for some injunctive relief.

*The pro forma decree dismissing the bill is reversed and the cause is remanded.*